43653. CENTRAL OF GEORGIA RAILROAD COMPANY v. GEORGIA PUBLIC SERVICE COMMISSION et al.
(356 SE2d 865)

SMITH, Justice.

We granted a writ of certiorari in this case to determine the proper standard for the Georgia Public Service Commission (the Commission) to use in determining whether it should approve a condemnation action by a railroad filed for the purpose of expanding and improving the railroad. The trial court adopted the standard proposed by the railroad, and the Court of Appeals, in reversing, adopted the standard proposed by the Commission. We find that the trial court identified the correct standard, and we therefore reverse.

The Central of Georgia Railroad (Central) filed a notice with the Commission that it intended to condemn 200 acres of land in Lee County for the construction of a new railyard. Following a hearing, the Commission declined to approve the condemnation. The Commission based its decision on a determination that "the public interest [was not] best served by the condemnation of [that] particular piece of property."

Central appealed to the Superior Court of Fulton County. The trial court ruled that the Commission had acted arbitrarily and capriciously in withholding approval of the condemnation. The court held that the Commission's function was to determine whether the condemnation would serve the public interest, not whether the condemnation would "best serve" the public interest.

The Court of Appeals reversed the trial court. The Court of Appeals found that "[the] approval power includes the power to determine the necessity, propriety and expediency of the condemnation." Central sought and received a writ of certiorari from this Court.

Former Ga. Code Ann. § 94-321 authorized railroad companies operating in Georgia "to build and maintain such additional depots, tracks and terminal facilities as may be necessary for the proper accommodation of the business of the company." That code section later provided that the "right of condemnation under this section shall not be exercised until the Public Service Commission . . . shall first approve the taking of the property or right of way designated for the public use or uses desired." Former Ga. Code Ann. § 94-322 authorized and empowered the railroad companies "to acquire . . . such real estate as may be necessary for all purposes mentioned in the foregoing section . . . by condemnation in the manner provided in Title 36 . . . for the condemnation and taking of private property for public purposes."

In *City of Doraville v. Southern R. Co.*, 227 Ga. 504 (181 SE2d 346) (1971), this Court cited certain findings made by the Commission in the hearing which led to that appeal, in which the Commission stated that its jurisdiction in condemnation actions by railroad companies was limited by Ga. Code Ann. § 94-321 to the questions of whether any new construction occurring in the wake of the condemnation would result in the elimination of a railway station, and whether the condemnation would serve a designated public use. Id. at 508. As to these questions, applied under the facts of that case, the Commission stated " 'that the rights . . . sought [were] necessary and essential for the purpose of construction of the proposed yard and that such construction [was] required for the safe and essential conduct of the [railroad's] business as a public carrier and for public purposes.' " Id. at 510.

During the recodification of the Georgia Code in 1981, the last sentence of former Ga. Code Ann. § 94-321 was shifted to the end of former Ga. Code Ann. § 94-322, and the new hybrid statute now lies at OCGA § 46-8-121. When this change was made, the phrase "for the public use or uses desired," was deleted from the end of the new code section. OCGA § 1-1-2, a preface to the recodification, states, "Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not in-

tended to alter the substantive law in existence on the effective date of this Code."

We find that the deletion of language in recodification did not change the meaning of OCGA § 46-8-121, and that the interpretation of that statute voiced by the Commission in *City of Doraville,* supra, remains the controlling interpretation. The Commission, in ruling on the propriety of a condemnation of property by a railroad for the purpose of expansion and improvement, should seek to determine whether the condemnation serves a public purpose, not whether the condemnation "best serves" the public interest. The structure of this condemnation and review procedure supports this interpretation.

If the purpose of the Commission's review was to determine the best site for railroad expansion, then the review should logically cover expansion on land acquired by the railroad through gift and purchase as well as condemnation. The review does not extend to such expansion. If the purpose of the review was to determine whether the land sought by the railroad would be used for public or private purposes, though, that review would be useless as to land acquired through gift or purchase, since a railroad may use land acquired through gift or purchase in quite a broad fashion. Private use of land acquired by a railroad through condemnation is not allowed. OCGA § 22-1-2. The application of the review process to land acquired through condemnation and not to land acquired through gift or purchase thus supports the position that the review is intended to provide scrutiny as to the public or private nature of the use of the land involved.

*Judgment reversed. All the Justices concur, except Weltner, J., who concurs in the judgment only.*

DECIDED JUNE 18, 1987 —
RECONSIDERATION DENIED JULY 8, 1987.

*Alston & Bird, Earle B. May, Jr., Hall, Bloch, Garland & Meyer, Benjamin M. Garland,* for appellant.

*Michael J. Bowers, Attorney General, H. Jeff Lanier, Assistant Attorney General,* for appellees.

*Troutman, Sanders, Lockerman & Ashmore, Norman L. Underwood,* amicus curiae.